IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE* THE PAT DOSSIE TRUST | 2:09-mc-00116-GEB-KJM <br><br> <u>ORDER GRANTING THE UNITED STATES' MOTION TO DISMISS ORDER TO SHOW CAUSE AND QUASH SUBPOENA AGAINST RUSSELL COTTRELL, M.D. AND REMANDING ACTION TO STATE COURT</u>[*] |

On December 18, 2009, the United States filed a motion on behalf of Doctor Russell Cottrell, in which it seeks an order quashing the trial subpoena and dismissing the order to show cause for failure to appear issued to Dr. Cottrell by the Butte County Superior Court. (Docket No. 5.) The latter order required that Dr. Cottrell appear before the state court to explain why he should not be sanctioned and/or held in contempt of court for his failure to obey the trial subpoena. The United States argues the state court lacked jurisdiction to enforce the subpoena and order since Dr. Cottrell is a federal employee who failed to appear at trial as a result of having

---

[*] This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

been instructed not to appear, and that instruction was authorized by a Department of Veterans Affairs regulation. The subpoena and order arose in the context of a state court probate proceeding, In re the Pat Dossie Trust, case number PR-38990, which the United States removed to federal court. (Welch Decl. ¶ 2, Ex. E.) Patrick Dossie, a party in the underlying probate matter, opposes the current motion. For the reasons stated below, the United States' motion is GRANTED and the remainder of this action is REMANDED to the Butte County Superior Court from which it was removed.

## I. BACKGROUND

Dr. Cottrell is a psychiatrist employed by the United States Department of Veteran Affairs (the "VA") at the VA Clinic in Chico, California. (Welch Decl. ¶ 1.) Attorney David Rush, counsel for Carolyn Roche, who is one of the parties in the probate action, notified Dr. Cottrell in a letter dated October 8, 2009, that he had been designated as an expert witness in the Dossie case, which was set for a two day trial commencing on November 23, 2009. (Id. ¶ 2, Ex. A.) Dr. Cottrell treated Pat Dossie, the decedent whose estate is the subject of the Dossie probate litigation. (Welch Decl., Ex. B.) Mr. Rush's letter suggests he sought Dr. Cottrell's testimony on the decedent's "mental capacity to know what he was doing" when he made an amendment to his trust. (Welch Decl., Ex. A.)

Dr. Cottrell responded to Mr. Rush's October 8 letter through VA Staff Attorney Colleen Welch. (Id. ¶¶ 1,3, Ex. B.) Ms. Welch explained to Mr. Rush, in a letter dated October 14, 2009, that "[u]nder the VA's Touhy Regulations found at 38 C.F.R. 14.800 *et seq.*," Doctor Cottrell could not serve as an expert witness in the Dossie case. (Id. ¶ 3, Ex. B.) Following receipt of Ms. Welch's

1  letter, Mr. Rush phoned Ms. Welch and explained the "circumstances of
2  the case and why he wanted Dr. Cottrell as a witness." (Id. ¶ 4.)
3  Ms. Welch and Mr. Rush then agreed that Dr. Cottrell could be deposed
4  but he would not appear at the trial. (Id.)

5  However, on November 12, 2009, Mr. Rush faxed Ms. Welch a
6  civil subpoena dated November 10, 2009 (the "Subpoena"), issued to Dr.
7  Cottrell, and requiring his personal appearance on November 23, 2009
8  at the trial of the Dossie case. (Id. ¶ 5, Ex. C.) Ms. Welch
9  responded to the Subpoena on behalf of Dr. Cottrell in a letter dated
10 November 13, 2009, "informing Mr. Rush that the VA had weighed the
11 factors in 38 C.F.R. § 14.804 regarding when VA personnel will be
12 authorized to testify, and that it had determined that it would not
13 produce Dr. Cottrell for testimony." (Id. ¶ 6, Ex. D.) Ms. Welch
14 instructed Dr. Cottrell not to appear at the trial, and Dr. Cottrell
15 did not appear. (Id. ¶ 6.)

16 On December 2, 2009, the Butte County Superior Court issued
17 an "Order to Show Cause" (the "Order") to Dr. Cottrell, ordering that
18 he appear at a hearing scheduled for December 22, 2009 and "show cause
19 re: failure to appear; sanctions and/or contempt of court." (Id. ¶ 7,
20 Ex. E.) On December 11, 2009, the United States filed a notice of
21 removal on behalf of Dr. Cottrell in which it removed the Dossie case
22 to this federal district court under 28 U.S.C. § 1442(a)(1). (Notice
23 of Removal ¶ 9.)

## II.   DISCUSSION

### A. Removal Jurisdiction

26 A district court has "a duty to establish subject matter
27 jurisdiction over [a] removed action *sua sponte*, whether the parties
28 raise[] the issue or not." United Investors Life Ins. Co. v. Waddell

& Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004). The United States argues removal is proper under "28 U.S.C. § 1442(a)(1) because Dr. Cottrell is a physician employed by the United States Department of Veterans Affairs . . ., an agency of the United States, who was acting within his official capacity and/or under the color of duly enacted and promulgated federal law at all times relevant . . ., and is now the subject of an order issued by a state court in a civil action." (Notice of Removal ¶ 9.) The United States' contends Dr. Cottrell's refusal to appear in the state probate proceeding resulted from his compliance with Ms. Welch's directive, which was issued under 38 C.F.R. 14.808.[1]

The United States, however, has not demonstrated that 28 U.S.C. § 1442(a)(1)("Section 1442(a)(1)") authorizes this court to exercise removal jurisdiction over the entire state probate action.[2]

---

[1] In pertinent part, 38 C.F.R. § 14.808(a) provides:

> VA personnel shall not provide, with or without compensation, opinion or expert testimony in any legal proceedings concerning official VA information, subjects or activities, except on behalf of the United States or a party represented by the United States Department of Justice . . . . If, despite the final determination of the responsible VA official, a court of competent jurisdiction or other appropriate authority, orders the expert or opinion testimony of VA personnel, the personnel shall notify the responsible VA official of such order . . . . If directed by the appropriate VA official after consultation with the appropriate United States Attorney's office, however, the affected VA personnel shall respectfully decline to comply with the demand, request or order.

[2] Section 1442(a)(1) provides that a "civil action . . . commenced in a State court against . . . the United States or any agency thereof or any officer (or person acting under that officer)" "may be removed by them" to a United States district court "embracing the place wherein [the civil action] is pending." 28 U.S.C. § 1442(a)(1).

4

1  "[T]he probate exception reserves [exclusive jurisdiction] to state
2  probate courts the probate of a will and the administration of a
3  decedent's estate . . . ."  Marshall v. Marshall, 547 U.S. 293, 311-12
4  (2006); see also Bedo v. McGuire, 767 F.2d 305, 306 (6th Cir.
5  1985)(stating that "federal courts have no probate jurisdiction.").
6  Nonetheless, removal of the ancillary proceeding in which the Butte
7  County Superior Court seeks to compel Dr. Cottrell to appear was
8  proper under Section 1442(a)(1).  See Swett v. Schenk, 792 F.2d 1447,
9  1450 (9th Cir. 1986) (noting that a contempt action against a federal
10 officer, while ancillary to the underlying state court proceeding, is
11 distinct and independently removable).  "Although no contempt order
12 was entered in the state court[,] . . . [Dr. Cottrell was] ordered to
13 [appear], and it is clear that [his] failure to comply with the state
14 court's order could result in contempt sanctions; this is sufficient
15 to make [Dr. Cottrell] [a] defendant in the ancillary [contempt
16 proceeding] . . . ."  Dent v. Packerland Packing Co., Inc., 144 F.R.D.
17 675, 678 (D. Neb. 1992)(quotations and citations omitted); see also
18 F.B.I v. Superior Court, 507 F. Supp. 2d 1082, 1089 (N.D. Cal.
19 2007)(finding removal of ancillary contempt proceeding against federal
20 employee proper under Section 1442(a)(1)).  Therefore, while removal
21 jurisdiction does not extend to the entire state probate action, it
22 does confer jurisdiction over the ancillary dispute involving Dr.
23 Cottrell and the United States' motion.
24 **B.  The State Court's Jurisdiction to Enforce the Subpoena and Order**
25         Patrick Dossie opposes the United States' motion, arguing
26 the VA failed to properly apply the factors under 28 C.F.R. § 14.804
27 in determining whether Dr. Cottrell would be permitted to testify at
28 the Dossie trial.  However, "[a] consideration on the merits" as to

5

whether the VA validly withheld Dr. Cottrell's testimony, "can play no part in [this] decision." In re Elko County Grand Jury, 109 F.3d 554, 556 (9th Cir. 1997).  "The appropriate means for challenging the [VA's] decision [to withhold Dr. Cottrell's testimony] . . . is an action under the Administrative Procedures Act in federal court." Id. at 557 n.1.

The United States argues the doctrine of sovereign immunity bars the Butte County Superior Court from enforcing the Subpoena and Order.[3] (Mot. to Dismiss 4.)  "A suit cannot be brought against the United States or its employees without an express congressional waiver of [sovereign] immunity." F.B.I., 507 F. Supp. 2d at 1094 (citing Block v. North Dakota, 461 U.S. 273, 287 (1983) & Army & Air Force Exch. Serv. V. Sheehan, 456 U.S. 728, 734 (1982)).  A state court "subpoena proceeding against a federal employee to compel him to testify about information obtained in his official capacity is inherently that of an action against the United States . . . ." Boron Oil Co. v. Downie, 873 F.2d 67, 70-71 (4th Cir. 1989); see also Exxon Shipping Co. v. U.S. Dept. Of Interior, 34 F.3d 774, 778 (9th Cir. 1994)(stating that "[t]he limitations on a state court's subpoena and contempt powers stem from the sovereign immunity of the United States and from the Supremacy Clause" (quotations and citations omitted)). "There are two recognized exceptions to the principle that sovereign immunity bars a suit against a government employee: 1)

---

[3] The United States also argues that the state court lacked jurisdiction to enforce the Subpoena and Order since Dr. Cottrell failed to comply in reliance upon a validly promulgated federal regulation. This argument, and the validity of 38 C.F.R. § 14.808(a), is not reached.

when an employee's actions exceed the scope of the statutory powers conferred upon him or her; and 2) when, despite acting within the scope of his or her authority, the employee was acting unconstitutionally." F.B.I, 507 F. Supp. 2d at 1094.  Neither exception is applicable since there is no suggestion that Dr. Cottrell exceeded the scope of his authority or that he was acting unconstitutionally.  Further, "Congress has not expressly waived sovereign immunity in cases in which state courts seek to compel government employees to submit to subpoenas or court orders." Id. at 1094.  Therefore, "sovereign immunity deprives the state court of jurisdiction to enforce" the Subpoena and Order.  Id.; see also In re Elko County Grand Jury, 109 F.3d at 556(stating that "cases involving § 1442(a) removals of state subpoena proceedings against unwilling federal officers have held that sovereign immunity bars the enforcement of the subpoena").

     Since the Butte County Superior Court lacks jurisdiction to enforce the Subpoena and Order, the doctrine of derivative jurisdiction similarly deprives this federal court from having jurisdiction to compel Dr. Cottrell to appear before the state court. See In re Elko County Grand Jury, 109 F.3d at 556 (stating that "because this case was removed from state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction."); see also F.B.I., 507 F. Supp. 2d at 1090 (concluding that "the doctrine of derivative jurisdiction applies to § 1442 removals"). Under "the doctrine of derivative jurisdiction, a federal court is without jurisdiction over a suit removed to it from a state court if the state court from which it was removed lacked subject matter

jurisdiction . . . ." F.B.I., 507 F. Supp. 2d at 1090. Therefore, the Subpoena and Order "must be quashed." Id. at 1095.

However, as noted above, removal jurisdiction exists only over the ancillary proceeding in which the state court seeks to compel Dr. Cottrell to appear. Therefore, the remainder of the Dossie case is remanded.

### III.  CONCLUSION

For the stated reasons, the United States' motion is GRANTED. The Subpoena and Order issued by the Butte County Superior Court are QUASHED and VACATED, respectively. The state probate proceeding, case number PR-38990, is REMANDED to the Butte County Superior Court from which it was removed.

Dated:  January 20, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge